United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY J. COLLINS, VICTORIA C. COLLINS, <br><br> Plaintiffs, <br><br> v. <br><br> POWER DEFAULT SERVICES, INC., F/K/A AHMI DEFAULT SERVICES, INC., a Delaware corporation, et al., <br><br> Defendants. | Case No. 09-4838 SC <br><br> ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

## I. INTRODUCTION

This suit involves the allegations of Timothy J. Collins and Victoria C. Collins ("Plaintiffs") that Defendants engaged, or were about to engage, in an improper foreclosure upon their home. See Notice of Removal, Docket No. 1, Ex. A ("Compl."). Defendants filed a Motion to Dismiss. Docket No. 5. Plaintiffs have not opposed the motion, and Defendants filed a Statement of Plaintiffs' Non-Opposition. Docket No. 8. For the reasons stated herein, the Motion to Dismiss is GRANTED.

## II. BACKGROUND

On July 20, 2006, Plaintiffs executed a promissory note for $595,000 ("Note") in favor of the lender, Argent Mortgage Company,

| | |
|---|---|
| 1 | LLC, ("Argent"), and secured the Note with a Deed of Trust to real |
| 2 | property located at 112 Williams Lane, Foster City, California |
| 3 | 94404 ("the Property"). Compl. ¶¶ 8-9; Request for Judicial Notice |
| 4 | ("RJN") Ex. 1 ("Deed of Trust").[1] On January 20, 2009, the Deed of |

LLC, ("Argent"), and secured the Note with a Deed of Trust to real property located at 112 Williams Lane, Foster City, California 94404 ("the Property"). Compl. ¶¶ 8-9; Request for Judicial Notice ("RJN") Ex. 1 ("Deed of Trust").[1] On January 20, 2009, the Deed of Trust securing the Note was assigned to Deutsche Bank National Trust Company ("Deutsche Bank"). Id. Ex. 2 ("Assignment of Deed of Trust"). On May 8, 2009, Deutsche Bank substituted AHMSI Default Services, Inc., now known as Power Default Services, Inc. ("Power Default"), as trustee to the Deed of Trust. Id. Ex. 4 ("Substitution of Trustee"). On May 12, 2009, T.D. Service Company, an agent for Deutsche Bank, recorded a Notice of Default against the Property. Id. Ex. 3 ("Notice of Default"); Compl. ¶ 15. Plaintiffs allegedly accrued approximately $45,919.64 in mortgage payment arrears. Notice of Default; Mot. at 1. On August 13, 2009, Power Default recorded a Notice of Trustee's Sale, setting the foreclosure sale date for September 2, 2009. Id. Ex. 6 ("Notice of Trustee's Sale"); Compl. ¶ 19. Plaintiffs filed their Complaint on August 31, 2009. See Compl.

### III. **LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal can be based

---

[1] Defendants submitted a Request for Judicial Notice in support of the Motion to Dismiss. Docket No. 5-1. All of the relevant documents have been recorded in the San Mateo County Recorder's Office. These items are public records and properly subject to judicial notice. See Hotel Employees & Rest. Employees Local 2 v. Vista Inn Mgmt. Co., 393 F. Supp. 2d 972, 978 (N.D. Cal. 2005). These documents are neither disputed nor reasonably questioned, and the Court may take judicial notice of them. See O'Toole v. Northrop Grumman Corp., 499 F.3d 1218, 1224-25 (10th Cir. 2007).

on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Although well-pleaded factual allegations are taken as true, a motion to dismiss should be granted if the plaintiff fails to proffer "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). The court need not accept as true legal conclusions couched as factual allegations. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949.

**IV. DISCUSSION**

    **A. Plaintiffs' Ability to Tender**

In California, claims that seek to undo a wrongful foreclosure generally cannot go forward unless the plaintiff has at least alleged a credible offer to tender indebtedness. See Abdallah v. United Savings Bank, 43 Cal. App. 4th 1101, 1109 (Ct. App. 1996) (borrower "required to allege tender of the amount of . . . [lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure"); Arnolds Management Corp. v. Eischen, 158 Cal. App. 3d 575, 578 (Ct. App. 1984) ("It is settled that an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by

3

an offer to pay the full amount of the debt for which the property was security."). This requirement prevents "a court from uselessly setting aside a foreclosure sale on a technical ground when the party making the challenge has not established his ability to purchase the property." Williams v. Countrywide Home Loans, No. 99-242, 1999 U.S. Dist. LEXIS 14550, *5-6 (N.D. Cal. Sept. 15, 1999) (citing United States Cold Storage v. Great Western Sav. & Loan Ass'n, 165 Cal. App. 3d 1214, 1225 (Ct. App. 1985)).

Here, the Court has examined Plaintiffs' Complaint and it does not contain an offer by Plaintiffs to pay the full amount of the debt. See Compl. Since Plaintiffs have not filed an Opposition, the Court is not aware of an offer to tender indebtedness subsequent to filing their Complaint. Plaintiffs' fourth cause of action is for wrongful foreclosure. Compl. ¶¶ 40-46. Plaintiffs' fifth cause of action seeks declaratory relief related to the alleged wrongful foreclosure. Id. ¶¶ 47-50. Plaintiffs' eighth cause of action seeks to quiet title to the property. Id. ¶¶ 67-71. Plaintiffs' ninth cause of action seeks to enjoin the foreclosure sale. Id. ¶¶ 72-76. These causes of action are all based on alleged irregularities in the foreclosure sale procedure. Because Plaintiffs have not made a credible offer to pay their debt, the Court GRANTS Defendants' motion to dismiss the fourth, fifth, eighth, and ninth causes of action WITH LEAVE TO AMEND.

**B. Violation of California Civil Code Section 2923.6**

Plaintiffs' first cause of action alleges that California Civil Code Section 2923.6 requires Defendants to engage in loan modification arrangements with Plaintiffs. Compl. ¶¶ 23-29. This code section provides, in pertinent part, that:

4

> The Legislature finds and declares that any duty
> servicers may have to maximize net present value under
> their pooling and servicing agreements is owed to all
> parties in a loan pool, not to any particular parties,
> and that a servicer acts in the best interests of all
> parties if it agrees to or implements a loan modification
> or workout plan.

Cal. Civ. Code § 2923.6(a).

Defendants contend that this statute does not provide a private right of action to Plaintiffs, and that it does not impose any requirement on lenders to agree to loan modifications suggested by borrowers. Mot. at 5-6. In Connors v. Home Loan Corp., the District Court for the Southern District of California determined that there was no private right of action under section 2923.6 of the California Civil Code. No. 08-1134, 2009 WL 1615989, at *8 (S.D. Cal. June 9, 2009). The Court is not aware of any authority to the contrary. Therefore, the Court GRANTS Defendants' motion to dismiss Plaintiffs' first cause of action WITH LEAVE TO AMEND.

**C.  Rosenthal Fair Debt Collection Practices Act**

Plaintiffs' second cause of action alleges that Defendants violated the Rosenthal Fair Debt Collection Practices Act ("RFDCPA" or "Rosenthal Act"), Cal. Civ. Code §§ 1788 et seq. Compl. ¶¶ 30-33. The law is clear that foreclosing on a deed of trust does not invoke the statutory protections of the RFDCPA. See, e.g., Rosal v. First Federal Bank of California, No. 09-1276, 2009 WL 2136777, at (N.D. Cal. July 15, 2009)(dismissing RFDCPA claim as to all defendants in foreclosure case); Ricon v. Recontrust Co., No. 09-937, 2009 WL 2407396, at *4 (S.D. Cal. Aug. 4, 2009)(dismissing with prejudice plaintiff's unfair debt collection claims in foreclosure case); Pittman v. Barclays Capital Real Estate, Inc.,

5

No. 09-0241, 2009 WL 1108889, at *3 (S.D. Cal. Apr. 24, 2009)(dismissing with prejudice plaintiff's Rosenthal Act claim in foreclosure case); Gallegos v. Recontrust Co., No. 08-2245, 2009 WL 215406, at *3 (S.D. Cal. Jan. 28, 2009)(dismissing RFDCPA claim in foreclosure case). The Court DISMISSES Plaintiffs' second cause of action WITHOUT LEAVE TO AMEND.

### D. Breach of the Covenant of Good Faith and Fair Dealing

Plaintiffs' third cause of action alleges breach of the covenant of good faith and fair dealing. Compl. ¶¶ 34-39. Plaintiffs allege that Defendants breached the implied covenant by:

> a. Failing to put at least as much consideration to Plaintiffs' interests as to Defendants' financial interests;
> b. Sending deceptive letters to Plaintiffs advising Plaintiffs of the ability to modify the loan despite Defendants selling Plaintiffs' subject property;
> c. Sending deceptive letters indicating that all actions would be suspended and taking actions during that time;
> d. Foreclosing on the property despite failure to comply with California law;
> e. Failing to modify Plaintiffs' loan despite having received TARP funds.

Compl. ¶ 37.

The implied covenant of good faith and fair dealing rests upon the existence of some specific contractual obligation. Foley v. Interactive Data Corp. 47 Cal. 3d 654, 683-84 (1988). The covenant is implied as "a *supplement* to the express contractual covenants, to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract." Love v. Fire Ins. Exchange, 221 Cal. App. 3d 1136, 1153 (Ct. App. 1990) (emphasis in original).

Here, the Complaint does not state which Defendants were parties to the loan agreement at issue, and it does not identify which Defendants allegedly sent deceptive letters or engaged in the other conduct that allegedly breached the implied covenant. The judicially-noticed documents indicate that at least one of the defendants, Power Default, as trustee, had the right to foreclose and sell the property if Plaintiffs defaulted on their loan. See Deed of Trust; Substitution of Trustee. The covenant of good faith and fair dealing cannot "be read to prohibit a party from doing that which is expressly permitted by an agreement." Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc., 2 Cal. 4th 342, 374 (1992). The Court DISMISSES Plaintiffs' third cause of action WITH LEAVE TO AMEND.

**E.    Violation of California Business & Professions Code**

Plaintiffs' seventh cause of action alleges that all Defendants have violated California Business and Professions Code sections 17200 et seq. Compl. ¶¶ 51-54. Plaintiffs simply allege that "Defendants committed unlawful, unfair, and/or fraudulent business practices," id. ¶ 52, but Plaintiffs do not explain which actions of which particular Defendants were unlawful, unfair, and/or fraudulent. Such a threadbare recital of the elements of this cause of action is clearly insufficient to survive a motion to dismiss. The Court DISMISSES Plaintiffs' seventh cause of action WITH LEAVE TO AMEND.

**F.    Violation of Statutory Duties**

Plaintiffs' seventh cause of action alleges a breach of statutory duties. Compl. ¶¶ 55-66. The Complaint does not identify which statutory duties have been violated, but instead

alleges that Defendants "failed to give proper notice under California law," and Plaintiffs also accuse Defendants of "issuing a notice of trustee's sale that was not compliant with California law." Id. ¶¶ 56-57.

California law provides that "[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents shall first file for record, in the office of the recorder of each county wherein the mortgaged or trust property or some part or parcel thereof is situated, a notice of default." Cal. Civ. Code § 2924(a)(1). California law also provides that notice of a scheduled foreclosure sale must be posted on the door of a single-family residence and published in a newspaper of general circulation. Id. § 2924f. Here, Plaintiffs' Complaint itself states that a notice of default was recorded against the property, see Compl. ¶ 15, and the Complaint was filed a few days before the foreclosure sale was scheduled to occur. Also, the Court has taken judicial notice of the Notice of Default and the Notice of Trustee's Sale, both of which were recorded in the San Mateo Recorder's Office. Plaintiffs' vague allegations that Defendants have breached statutory duties related to notice are simply not plausible.

Plaintiffs also accuse Defendants of failing to comply with the guidelines of the Making Homes Affordable Program. Compl. ¶ 61-64. Without more information, the Court is unable to determine whether this allegation amounts to the breach of a statutory duty. The Court DISMISSES Plaintiffs' seventh cause of action WITH LEAVE TO AMEND.

///

///

8

**V.   CONCLUSION**

For the foregoing reasons, Plaintiffs' second cause of action is DISMISSED WITH PREJUDICE. Plaintiffs' first, third, fourth, fifth, sixth, seventh, eighth, and ninth causes of action are DISMISSED WITHOUT PREJUDICE. Plaintiffs' Amended Complaint must be filed within thirty (30) days from the date of this Order. Failure to do so will result in dismissal of the case with prejudice.

IT IS SO ORDERED.

Dated: January 14, 2010

*[signature]*

UNITED STATES DISTRICT JUDGE